UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 30 2009
J.T. NOBLIN, CLERK
BY_____ DEPUTY

CHRISTOPHER SMITH                                                                                  PLAINTIFF

V.                                          CIVIL ACTION NO.: 3:09cv446-DPJ-JCS

SUNRAY COMPANIES, LLC                                      DEFENDANT

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff CHRISTOPHER SMITH, through undersigned counsel and on behalf of himself and all others similarly situated, sues Defendant SUNRAY COMPANIES, LLC, and alleges as follows:

1. This is an action for unlawful failure to pay overtime as required by the Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and the provisions of the FLSA.

3. Venue is proper in this Court because the actions and claims asserted herein occurred within the Southern District of Mississippi.

4. Plaintiff at all relevant times was, and still is, a resident of Hinds County, Mississippi, and is *sui juris*.

5. Defendant is, and at all relevant times was, a Mississippi company. It may be served through its registered agent, Ray Harrigill at 120 Woodland Hills Blvd, Madison, Mississippi.

6. At all relevant times Defendant was, and still is, an "employer" under the FLSA, 29 U.S.C. §§203(r) and 203(s), in that it was an enterprise engaged in interstate commerce or in the production of goods for commerce, or employed employees who engaged in intestate commerce or the production of goods for commerce, or had employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by an person. Defendant had at all relevant times annual gross sales in excess of $500,000.00.

7. Plaintiff was employed by Defendant from on or about October 20, 2005 until December 22, 2007. Plaintiff was employed by Defendant as a construction laborer, a non-exempt hourly position. During this period, Plaintiff consistently worked over 40 hours per work week as a construction laborer, first at hourly rates of $8.00 and eventually at hourly rates of $8.50 per hour. However, Plaintiff was not paid the time-and a half hourly wage for all hours worked in excess of 40 hours as required by the FLSA.

8. Under the FLSA, Defendant was obligated to pay Plaintiff time-and-a-half of their hourly pay for all time worked in excess of 40 hours per work week. However, during the time Plaintiff worked for Defendant, he worked in excess of 40 hours per work week as a construction laborer and was not correctly or fully paid for the overtime work.

9. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages equal to time-and-a-half of their correct hourly rate of pay for all hours worked in excess of 40 hours per work week, plus liquidated damages as provided under the FLSA.

10. Defendant has engaged in its overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of the rights of Plaintiff under the law.

11. Plaintiff is entitled to recover his costs, expenses and reasonable attorney's fees under the FLSA. In this regard, Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

WHEREFORE, Plaintiff demands judgment for all unpaid overtime as required under the FLSA, liquidated damages, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

This the ___27th___ day of July, 2009.

**CHRISTOPHER SMITH, PLAINTIFF**

BY: _____
JANESSA BLACKMON

OF COUNSEL:

Edward Blackmon, Jr.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone:   601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\WORKERS.COM\CHRISTOPHER SMITH\COMPLAINT 7.24.09.docx